## WEST v. JARMULOWSKY.

(Supreme Court, Appellate Term, First Department. December 11, 1913.)

BILLS AND NOTES (§ 476*)—CHECKS—PLEADING—CONSIDERATION.

Where a complaint on certain checks contained no specific allegation of consideration, but the checks were made part of the complaint and contained a statement of "value received," it was error to dismiss a separate defense that there was no consideration for the checks, the answer containing no general denial, since the defendant by failing to plead a general denial might be regarded as having admitted the allegation of the complaint that the checks were based on consideration.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1519–1521, 1523, 1557; Dec. Dig. § 476.*]

Appeal from City Court of New York, Trial Term.

Action by Florence A. West against Harry Jarmulowsky. From a judgment for plaintiff and from an order denying defendant's motion for a new trial, he appeals. Reversed, and new trial ordered.

Argued November term, 1913, before LEHMAN, PAGE, and WHITAKER, JJ.

Charles P. Northrop, of New York City, for appellant.

Hoadly, Lauterbach & Johnson, of New York City (Henry Siegrist and Frank W. Chambers, both of New York City, of counsel), for respondent.

LEHMAN, J. The complaint sets forth two causes of action upon checks made and delivered by the defendant. It contains no specific

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

allegation of the consideration, but the checks themselves are made part of the complaint, and they contain a statement of "value received." The answer contains no general denial, but it sets up two separate defenses. The first defense consists of a denial that the defendant received value for the checks, and an affirmative statement of want of consideration. At the trial the trial justice dismissed this defense as insufficient.

The plaintiff now urges that this ruling was correct on the ground that the defendant, by failing specifically to deny the allegations of the complaint, admitted that the checks were received for value, and is precluded from setting up any defense inconsistent with this admission.

I cannot agree with this contention. The defendant by failing to incorporate into his answer any general denial has admitted the material allegations of the complaint, and these allegations make out a prima facie case for the plaintiff. There is, however, no specific allegation that the checks were given for a valid consideration, except that the checks themselves contain a statement of consideration. There is therefore no allegation of the complaint which the defendant could truthfully deny. He has, however, raised the issue of want of consideration, by a denial of consideration, and by an affirmative statement of want of consideration, and his defense should not have been dismissed, for it is in no wise inconsistent with any admission by previous failure to deny.

Since in any event a new trial must be ordered, it is unnecessary for us to consider whether the trial justice was unduly strict in his rulings upon the testimony offered to sustain the second defense.

Judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.